UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-00012-33 |
| | ) | Judge Sharp |
| MICHAEL MASSEY | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Michael Massey's "Motion for Review of Detention Order" (Docket No. 2218), to which the Government has responded in opposition (Docket No. 2240), and Defendant has replied (Docket No. 2241). By way of the Motion, Defendant requests that the Court overrule Magistrate Judge Knowles's determination that no condition or combination of conditions exist that could reasonably ensure the safety of the community or Defendant's appearance at further proceedings if he were to be released. (Docket No. 2141). For the following reasons, Defendant's Motion will be denied.

**I. BACKGROUND**

On April 25, 2014, a federal grand jury returned a multi-count, multi-defendant Second Superseding Indictment. In the Indictment, Defendant is charged in nine counts, including conspiracy to interfere with commerce by threats or violence (Counts 8 & 14); interference with commerce by threats or violence (Counts 9 & 15); conspiracy to brandish/discharge a firearm in furtherance of a crime of violence (Counts 10 & 16); brandishing/discharging a firearm in furtherance of a crime of violence (Counts 11 & 17); and murder in the course of discharging a firearm in furtherance of a crime of violence (Count 12).

On May 8, 2014, Magistrate Judge Knowles held a detention hearing, at the conclusion of

1

which he ordered that Defendant be detained pending trial. In doing so, Magistrate Judge Knowles relied upon the presumption of detention given the nature of the charges and the stiff penalties Defendant faces, and noted that the Marshal's Service booking package indicates that Defendant is a member of the Vice Lords street gang.

## II. GOVERNING LAW

When a defendant is detained by order of a Magistrate Judge, the defendant "may file with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). Review of the Magistrate Judge's decision is *de novo*, "although the district court 'may conduct its review and base its decision on the evidence presented to the magistrate at the detention hearing.'" United States v. Stokes, 2006 WL 3843589, at *1 (M.D. Tenn. 1996) (citation omitted).

In conducting that review, the Court must determine whether the government has met its burden of "prov[ing] that no conditions of release can assure that the defendant will appear and to assure the safety of the community." United States v. Stone, 608 F.3d 939, 946 (6th Cir. 2010). In making that determination, the Court considers several factors, including: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

For certain crimes, Congress has determined that there is a presumption in favor of detention, including gun charges under 18 U.S.C. § 924(c). 18 U.S.C. § 3142(e)(3)(A). A defendant may rebut this presumption by producing "at least some evidence" that he does not pose a danger to the community or a risk of flight. Stone, 608 F.3d at 945. "Even when a defendant satisfies his burden

2

of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'" Id. (quoting United States v. Mercedes, 254 F.3d 433, 436 (2nd Cir. 2001)).  This is because the presumption "is not simply an evidentiary tool designed for the courts.  Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." Id. Ultimately, the government carries the burden of persuading the Court that, upon consideration of the statutory factors listed in 18 U.S.C. § 3142(g), no conditions of release will ensure the defendant's presence or assure the safety of the community.  Id. at 946.

### III.  APPLICATION OF LAW

With the foregoing in mind, the Court has conducted a *de novo* review of the record.  The Court has read the transcript of the detention hearing before the Magistrate Judge, reviewed the papers that have been filed, and considered the arguments made by the parties at the hearing on July 18, 2014.  Based upon that review, the Court concludes that Defendant's detention pending trial is warranted because he presents a potential danger to the community and no conditions of release will ensure the safety of the public.

*A. Nature and Circumstances of the Offense*

Defendant is facing extremely serious charges, particularly in Counts 11, 12, and 17.  In Count 11, Defendant and others are charged with carrying, brandishing, and discharging firearms in relation to attempted robbery; in Count 12, he and others are charged with carrying firearms during that attempted robbery, which resulted in the death of Raul Arias Triana; and in Count 17, he and two co-defendants are charged with using a firearm during a different robbery.  Those charges – which have yet to be proven – establish probable cause to believe that Defendant

3

committed those crimes, Stone, 608 F.3d at 945, and are crimes that establish a rebuttable presumption that no condition or combination of conditions will reasonably ensure Defendants' presence or the safety of the community. 21 U.S.C. § 3142(e)(3). For those charges, Defendant faces three life sentences. He also faces another possible 120-years imprisonment for the other charges leveled against him.

*B. Weight of the Evidence Against the Defendant*

Section 3142(g)(2) states that a court should look at "the weight of the evidence against the person," which the Sixth Circuit in Stone interpreted to mean "the weight of the evidence of dangerousness." 608 F.3d at 948. "In terms of dangerousness, Congress . . . thought it was especially significant if the charges include a 'a crime of violence . . . or involve a firearm[.]'" Id. at 946 (quoting, 18 U.S.C. § 3142(g)(1)). All nine of the Counts against Defendant allege violence or threatened violence, five of the Counts allege the use of a firearm in some way, and, in terms of violence, it does not get more serious than murder.

"A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." Id. at 945. But beyond the Indictment in this case, the Court has little from which to determine the weight of the evidence in regard to Defendant's potential dangerousness. Both at the detention hearing and the hearing before this Court, the Government has suggested that Defendant is considered to be "armed and dangerous," and a member of the Vice Lords street gang. That information came from the Marshal's booking packet but, despite the fact that the question arose at the detention hearing as to how the Marshal's Service arrived at those conclusions, the Government could not give this Court an answer to the question. Presumably, the Marshal's Service did not make those designations from whole cloth, but it would

4

have been helpful to have heard an explanation from the Government.

It also would have been helpful to have heard some testimony about the weight of the evidence generally. While the Government explained that "there are certain considerations [it has] to take into account in determining how to proceed," (Hearing Trans. at 6), and while there undoubtedly are concerns about the safety of cooperating witnesses, the testimony of a case agent or, at a minimum, a proffer of that testimony could have gone far in establishing the dangerousness of the Defendant. See id. at 948 ("conducting a bail hearing by proffer is acceptable under the law and at the discretion of the district court"). After all, Section 3142 creates a presumption of detention for certain crimes; it does mandate automatic lock-up based upon the return of an Indictment alleging those crimes.

## C. *History and Characteristics of the Defendant*

Under 18 U.S.C. § 3142(g)(3)(a), the history and characteristics of the defendant include "his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." It also includes "whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." Id. § 3142(g)(3)(b). Some of these factors weigh in favor of release in this case; other do not.

At the detention hearing before Magistrate Judge Knowles, Defendant called three witnesses, his father (Michael David Massey) his wife (Shemia Massey), and a life-long friend (Quandreras Bowls). Those witnesses testified that Defendant was a good family man and father, religious, and

5

had strong ties to the community.

More specifically, Mr. Massey testified that his son was president of his high school class, was the first in the family to graduate high school, and went on to study at Austin Peay State University. He also testified that his son has three children and is expecting another child. Mr. Massey further testified that Defendant is "real good" with his children, plays baseball with his son, and brings the children when he visits. According to Mr. Massey, Defendant was employed at Sonic for about a month until he was arrested, and a family member has offered to employ Defendant at a car detailing business should he be released pending trial. Mr. Massey also testified that his son is welcome to live with him in his two bedroom home in Memphis pending trial.

Mrs. Massey testified that she and Defendant have been married for seven years, having wed shortly after Defendant graduated as the salutatorian of his high school class. He attended Austin Peay where he was on the dean's list, but left before graduating so that he could raise his family and provide financial support.

Mrs. Massey also testified that she and Defendant have three children and are expecting a fourth child in September. She claims that her husband helps out around the home and is very involved with his children. Additionally, she testified that Defendant pays the bills. He also helps the kids get ready for school and does the laundry and dishes, all of which is especially important because Mrs. Massey's pregnancy is high-risk. She, too, has offered to be a third-party custodian were Defendant to be released.

The Court has no reason to discredit the testimony that Defendant was a good student, is a good father, and is helpful around the house. It seems a little odd and it is a bit disconcerting, however, that the witnesses who probably should know Defendant best professed not to know any

of his friends or acquaintances, especially when Defendant is alleged to have engaged in some very serious crimes with a handful of associates.

As for Defendant's criminal history, the Government points out that "[o]ver the past four years [Defendant] has been arrested for unlawful carrying or possession of a weapon, simple possession (twice), possession with intent to distribute, simple assault, domestic assault, aggravated robbery, and theft." (Docket No. 2240 at 5). However, it appears that all but one of these charges was dismissed, entitling them to little or no weight in the analysis. Compare United States v. Watson, 2010 WL 3272934, at *5 (E.D. Mich. Aug. 12, 2010) ("if the government wishes to rely on the criminal history factor in demonstrating risk of flight and dangerousness, it must rely on convictions, not arrests") with United States v. Rodriguez, 2007 WL 4373042, at *4 (E.D. Pa. Dec. 13, 2007) ("while the Court places less weight on defendant's arrests that were later dismissed, they are a factor to consider in assuring the safety of the community").

Nevertheless, Defendant was charged with, and later pled guilty to, possession with intent to distribute cocaine in the Putnam County Circuit Court. He was arrested on that charge on September 16, 2011, and presumably was on some sort of "release pending trial" within the meaning of 18 U.S.C. § 3142(g)(3)(B) on October 21, 2011, when he allegedly committed the offenses charged in Counts 14-17 of the Indictment. Further, after being placed on probation by the Putnam County Circuit Court, Defendant's urine tested positive for the presence of marijuana, opiates, and cocaine. That probation is not set to expire until May 22, 2020, and a probation violation warrant has been issued for Defendant's arrest.

### E. *Nature and Seriousness of the Danger to the Community*

Defendant argues that he will not present a danger to the community should he be released.

7

Having reviewed the record, the Court does not share that view.

Obviously, using firearms in the commission of a crime and engaging in violence or threatening violence pose a danger to the community. The return of the Indictment shows that there is probable cause to believe that Defendant engaged with others to commit armed robbery or attempted armed robbery and participated in an attempted robbery that resulted in death. Defendant has presented no evidence that convinces the Court that he will refrain from engaging in dangerous and unlawful activity or consorting with those who do were he to be released pending trial.

### IV. **CONCLUSION**

Based upon the foregoing, the Court finds that the Government has carried its burden of showing that no conditions of release will ensure the safety of the public were Defendant released pretrial. Accordingly, Defendant's "Motion for Review of Detention Order" (Docket No. 2218) is hereby DENIED; Magistrate Judge Knowles's "Order of Detention Pending Trial" (Docket No. 2141) is AFFIRMED; and Defendant Massey shall remain detained pending trial.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE